UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS AUTOTECH
CORPORATION,

        Plaintiff,

v.

TWIN CITY FIRE INSURANCE
COMPANY,

        Defendant.
_____/

Case No. 1:06-CV-448

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court to determine Defendant Twin City Fire Insurance Company's Motion for Summary Judgment. Plaintiff Douglas Autotech Corporation has responded in opposition to the Motion. Upon review of the complete briefing, the Court discerns that oral argument is unnecessary and would only protract the resolution of the suit. *See* W.D. Mich. L. Civ. R. 7.2(d).

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are reserved for trial. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). Under Rule 56, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323

(quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

This suit is a declaratory action concerning whether a property and casualty policy issued by Defendant to Plaintiff and effective August 21, 2004 covered claims made by a former employee of Plaintiff, James Bond, against Plaintiff for employment discrimination. This suit was originally filed in the Branch County Circuit Court and removed to this Court on the basis of diversity jurisdiction. (*See* Notice of Removal 1.)

For a diversity suit, the Court must "apply state law in accordance with the then controlling decision of the highest state court" of the forum state. *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994); *see also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). When a state supreme court has not addressed the issue, the Court must ascertain how that court would rule if it were faced with the issue. *West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940). The Court may use the decisional law of the state's lower courts, state supreme court dicta, decisions of other federal courts construing state law, restatements of the law, law review commentaries, and decisions of other jurisdictions constituting a "majority" rule in making this determination. *Garden City Osteopathic Hosp. v. HBE Corp.,* 55 F.3d 1126, 1130 (6th Cir. 1995); *Grantham & Mann v. American Safety Prods.*, 831 F.2d 596, 608 (6th Cir. 1987). A federal court should ordinarily follow the decisions of intermediate appellate state courts unless other persuasive data shows that the state supreme court would do otherwise. *West*, *supra*.

This suit involves the interesting question of how to construe a liability exclusion that is particularly directed toward the conduct of a sole employee of the insured. The policy in question provides Employment Practices Liability ("EPL") coverage. "The insurer shall pay Loss on behalf

2

of the Insureds resulting from any Employment Practices Claim first made against the Insureds during the Policy Period . . . for an Employment Practices Wrongful Act by the Insureds." (Def.'s Ex. 1 at page 1 of EPL Coverage Part, § I(A).) The definition of EPL coverage specifically includes claims for employment discrimination. (*See id* at pages 1-2, §§ II(B), II(C) & II(D)(1)-(3).)

The exclusion at issue is found in the second endorsement following the EPL Coverage Part and excludes insurance "for[,] based upon, arising from, or in any way related to the Wrongful Act(s) of the following Insured Persons(s): Tamajaki Ito . . . ." (*Id.* at Endorsement 2.) Notwithstanding, the Coverage Part's first Endorsement contains an Allocation provision which is peculiar to the EPL Coverage. The first Endorsement provides: "If Loss is incurred that is partially covered and partially not covered . . ., such Loss shall be allocated between covered and uncovered Loss based upon the relative legal exposure of the parties to such matters. . . ." (*Id.* at Endorsement 1, ¶ 2.)

Defendant argues in this Motion that due to the broad terms of the specific person exclusion, which includes such terms as "in any way related to," the Court must construe the policy as excluding coverage. Defendant also argues that since Mr. Bond's employment complaint mentions Mr. Ito more than 20 times, the allegations of that complaint are in many ways related to the conduct of Mr. Ito.

This is an unusual policy exclusion which has not been the subject of any particular interpretation by Michigan's Supreme Court or lower courts. The cases cited by the parties deal with situations which are simply far afield of this. Notwithstanding, the Michigan Supreme Court has established its regular rules for interpretation of insurance contracts and those rules are both binding and helpful in resolving this Motion.

Michigan's highest court decides insurance coverage disputes according to well-established Michigan principles of construction. *Frankenmuth Mut. Ins. Co. v. Masters*, 595 N.W.2d 832, 837 (Mich. 1999). Accordingly, the contract must be enforced according to its terms. *Id.* At the same time, the insurance contract must be read as a whole and meaning given to all its terms. *Auto-Owners Ins. Co. v. Churchman,* 489 N.W.2d 431, 433-34 (Mich. 1992); *Fresard v. Mich. Millers Mut. Ins. Co.*, 327 N.W.2d 286, 293 (Mich. 1982). The language of the contract is to be given its plain and ordinary meaning, while technical and strained constructions are to be avoided. *Bianchi v. Auto. Club of Mich.,* 467 N.W.2d 17, 20 n.1 (Mich. 1991); *Royce v. Citizens Ins. Co.*, 557 N.W.2d 144, 147 (Mich. Ct. App. 1996). In general, when a contract is ambiguous and may be construed variously, Michigan courts must adopt a construction against the drafter and in favor of the insured. *Fresard*, *supra*. In particular, when the scope of an exclusionary clause is at issue, any ambiguities in the clause are construed against the drafter. *Fire Ins Exch. v. Diehl,* 545 N.W.2d 602, 606 (Mich. 1996).

Applying the above law to the current scenario, the Court reaches the following conclusions of law: First, the specific exclusion for Mr. Ito is effective in excluding from coverage the EPL claims against the insurer caused by Mr. Ito's conduct or by joint conduct of Mr. Ito and another employee of Plaintiff. These conclusions follow necessarily from the breadth of the exclusionary language of Exclusion 2. Second, the contract language, including the allocation provision, must be read *in pari materia* and, when so construed, the allocation provision creates at least the potential for coverage on behalf of Defendant concerning certain ELP allegations of Mr. Bond. In particular, Plaintiff argues that Mr. Bond was discharged by Mr. Williams, a superior to Mr. Ito, without Mr. Ito's prior knowledge or approval. (*See* Pl.'s Resp. 4 and citations therein.) Should such allegations

prove true, then it is probable that Plaintiff will be entitled to reimbursement for liability assessed in connection with Mr. Williams' conduct pursuant to the allocation provision of the ELP coverage. Third, while the Court can imagine any number of different scenarios under which Plaintiff's liability may be large or small and Defendant is called upon or not called upon to make reimbursement, it would not be either effective or a proper exercise of District Court jurisdiction to render premature advisory opinions concerning possible future indemnification. *See Wakefield Leasing Corp. v. Transamerica Ins. Co. of Mich.*, 539 N.W.2d 542, 544 (Mich. Ct. App. 1995) (affirming trial court's decision to reserve judgment concerning possible future indemnification under insurance contract).

Therefore, an Order shall issue denying Defendant's Motion for Summary Judgment.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
April 5, 2007  Richard Alan Enslen
  Senior United States District Judge