UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

DOUGLAS AUTOTECH
CORPORATION,

        Plaintiff,

v.

TWIN CITY FIRE INSURANCE
COMPANY,

        Defendant.
_____/

Case No. 1:06-CV-448

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court to determine Plaintiff Douglas Autotech Corporation's Motion for Partial Summary Judgment as well as Defendant Twin City Fire Insurance Company's Motion for Reconsideration contained in its Response to Plaintiff's Motion for Partial Summary Judgment. Upon review of the complete briefing, the Court discerns that oral argument is unnecessary and would only protract the resolution of the suit. *See* W.D. Mich. L. Civ. R. 7.2(d).

**BACKGROUND**

      Defendant is in the business of writing insurance. As part of this business, it wrote an Employment Practices Liability ("EPL") policy for Plaintiff which covered both liability and defense costs arising from employment discrimination lawsuits. (Pl.'s Ex. 1 at 2-4 and at EPL Coverage Part, 1-4.) The coverage period for the policy was between August 21, 2004 and August 21, 2005. (*Id.* at 1.) The policy contained an endorsement which excluded EPL coverage for acts of a particular employee, Tamajaki Ito. (*Id.* at Endorsement 2.) That endorsement language was previously interpreted in the Court's April 5, 2007 Opinion. The Court then determined that EPL

claims "caused by Mr. Ito's conduct or by joint conduct of Mr. Ito and another employee of [Douglas]" were excluded. (Op. at 4.)  The corollary to this determination was that should it be determined that an act of alleged employment discrimination was committed without Mr. Ito's prior knowledge or approval, then Douglas would be entitled to coverage under the EPL policy. (*Id.* at 5.)

On January 28, 2005, James D. Bond, a former employee of Plaintiff, filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination because of age and national origin as well as retaliation.  Defendant denied coverage due to the Ito exclusion. (Pl.'s Ex. 2.)  The EEOC charge later became a civil lawsuit, which was duly filed before the United States District Court for the Western District of Kentucky on August 31, 2005, after the EEOC issued its right to sue letter. (Pl.'s Ex. 5 at 1.)  The Complaint asserting Bond's employment claims alleged discrimination in his termination, but did not identify the employees of Douglas who allegedly discriminated against him.[1]  (*Id.* at ¶ 20.)

This lawsuit followed to determine Plaintiff's rights under the EPL policy.  The parties have had full discovery to determine which employee or employees of Douglas caused the termination of Bond.  That discovery has shown that Bond was terminated at the sole direction of Douglas' President Tim Williams. (Williams Decl. ¶¶ 17-18.)  Mr. Ito was not involved in that employment decision and did not confer with Williams prior to the termination. (*Id.* at ¶ 15.)  Mr. Ito was informed of the termination only after it had become final. (*Id.* at ¶ 16.)  While Defendant has

---

[1] Plaintiff's Complaint at paragraphs 15 to 17 did describe conduct by Ito in 2003.  However, the record evidence does not support a causal relationship between this conduct and Bond's termination.

argued that there is some record evidence contradicting Williams' testimony, an examination of the evidence and the record as a whole refutes this contention.[2]

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are reserved for trial. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). Under Rule 56, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## RECONSIDERATION STANDARDS

Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." *See also GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)

---

[2] Ito had made a decision in the Summer of 2003 to terminate Bond. (Williams Dep., Vol. II, at 18.) However, that decision was reversed. (*Id.*) Subsequently, Ito was removed from all supervision of Bond, and all other employees, effective November 28, 2003. (Williams' Decl. ¶ 12.) Bond's later termination in January 2005 was determined by Williams, without any involvement of Ito, and was premised solely on Bond's work performance. (*Id.* at ¶¶ 12 & 17; Williams Dep., Vol. II, at 29.)

(discussing reconsideration motions under Fed. R. Civ. P. 59(e) and the limited circumstances under which reconsideration is warranted). The import of the rule, as well as the case law, is that judicial decisions should not be routinely adjusted given the interests of the parties and the courts in judicial economy and prompt resolutions.

## LEGAL ANALYSIS

Plaintiff's Motion for Partial Summary Judgment asks for entry of a partial judgment holding that its defense costs arising from Bond's wrongful termination claim is covered under the EPL policy and declaring that future defense costs and liability arising from Bond's wrongful termination claim is likewise covered under the EPL policy. (Mot. 1.) Defendant's Response seeks to avoid that result by first seeking reconsideration of the April 5, 2007 Opinion and by arguing that there are factual disagreements preventing summary judgment on this coverage issue.

Regarding its reconsideration request, Defendant fails in two respects. First of all, under the Western District of Michigan Local Civil Rules, Rule 7.1(a), motions are to be made by a separate motion document with supporting brief. Defendant has not complied with such Rule. Second, Defendant's various arguments regarding the construction of the EPL policy language and the Ito exclusion do not present an appropriate reason for reconsideration of the former ruling given the standards for reconsideration under the Local Rules. Further, even were the Court to reconsider the ruling *de novo* in light of Defendant's argued constructions, the Court would reach the same conclusions as are contained in the April 5, 2007 Opinion because those conclusions are, in the Court's judgment, the best construction of the EPL policy language. As such, the reconsideration request will be denied.

Next, the Court turns to Plaintiff's summary judgment arguments. These arguments are framed in terms of Michigan law given that this is a diversity suit which is to be decided under Michigan law. *See Bailey Farms, Inc. v. NOR-AM Chem. Co.,* 27 F.3d 188, 191 (6th Cir. 1994); *see also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). The most pertinent aspects of Michigan law are the rules of construction discussed at length in the April Opinion. The most pertinent of these rules are the rules placing the burden of showing a policy exclusion upon the insurer. *See Heniser v. Frankenmuth Mut. Ins. Co.*, 534 N.W.2d 502, 505 n.6 (Mich. 1995); *see also Fire Ins. Exch. v. Diehl,* 545 N.W.2d 602, 606 (Mich. 1996) (applying Michigan's rules of construction governing insurance contracts and exclusions from coverage).

As noted above, the Court's examination of the record leads to the ready conclusion that Tamajaki Ito played no role in the termination decision which gave rise to James Bond's lawsuit. Therefore, under the legal construction of the Ito exclusion previously adopted, and now applied, Plaintiff is entitled to summary judgment because there are no material issues of fact as to the coverage of Mr. Bond's wrongful termination claims asserted in the Kentucky lawsuit. This determination expressly does not consider the question of whether there is coverage of Mr. Bond's hostile-work environment claims asserted in the Kentucky lawsuit because no party has sought summary judgment as to the coverage of those claims.

## **CONCLUSION**

For the reasons given herein, Plaintiff's Motion for Partial Summary Judgment shall be granted and a Partial Judgment shall enter determining that Defendant is liable to Plaintiff for defense costs previously incurred in connection with James Bond's wrongful termination claim asserted in case no. 5:05-CV-177 before the United States District Court for the Western District of

Kentucky (*Bond v. Douglas Autotech Corp.*).  The Partial Judgment shall also declare Defendant responsible for future defense costs and liability (within the policy limits) arising from Bond's wrongful termination claim asserted in the Kentucky suit.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 20, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |